UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UNITED PROSPERITY GROUP, INC, Debtor | Case No. 15-cv-05736-VC |
| JUANA CHAVEZ, LUIS CABRERA A/K/A LUIS REA, MARTIN CALAMATEO CRUZ, JOSE HERNANDEZ, as individuals and on behalf of the certified class,<br><br>            Appellants,<br><br>      v.<br><br>UNITED PROSPERITY GROUP, INC., D/B/A THE PRODUCE COMPANY,<br><br>            Appellee. | **ORDER AFFIRMING THE ORDER OF THE BANKRUPTCY COURT** |

United Prosperity Group ran a food-processing business. A class of employees won a wage-and-hour case against it in state court, and was awarded a multi-million dollar judgment. To begin collecting on that judgment, the workers had the San Francisco Sheriff's Department levy United Prosperity Group's bank account, which contained $235,250.02.

Meanwhile, United Prosperity Group entered Chapter 11 bankruptcy proceedings. In bankruptcy proceedings, United Prosperity Group sought to regain control over the funds in the levied bank account. The bankruptcy court agreed, holding that the funds were property of the bankruptcy estate, to be turned over to the bankruptcy trustee (or, equivalently, the debtor-in-possession, *see* 11 U.S.C. § 1107(a)) when the debtor entered bankruptcy. *See* 11 U.S.C.

§ 543(b)(1).  The workers appeal the order returning the funds to United Prosperity Group's control.  United Prosperity Group argues that this appeal is constitutionally or equitably moot, because it has already used the funds to pay other creditors; alternatively, it argues that the bankruptcy court's order should be affirmed on the merits.[1]

## I. Constitutional Mootness

This appeal is not constitutionally moot.  "The test for mootness of an appeal," in a constitutional sense, "is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor.  If it can grant such relief, the matter is not moot."  *Motor Vehicle Cas. Co. v. Thorpe Insulation Co.* (*In re Thorpe Insulation Co.*), 677 F.3d 869, 880 (9th Cir. 2012).  Here, a court could give the appellants some relief: a court could order United Prosperity Group to pay the appellants money.  *See Spirtos v. Moreno* (*In re Spirtos*), 992 F.2d 1004, 1007 (9th Cir. 1993).  Money is fungible, so it doesn't matter that "the property at issue has already been transferred."  Answering Brief at 14.  Nor does it matter whether the money has been transferred "to creditors with claims that are entitled to priority over Appellants' claims."  *Id*.  For one thing, if the money from the levied bank account wasn't the bankruptcy estate's property in the first place, then it doesn't matter whether other creditors would have a superior claim to the bankruptcy estate's property.  If the Appellants won this appeal, it would clear the way for them to attempt to recover the money from the estate that should never have reverted to the estate.  If they lost the appeal, they wouldn't be able to do so.  There is thus is a live controversy.[2]

---

[1] The Ninth Circuit hasn't addressed whether this kind of order represents a final order appealable as of right under 28 U.S.C. § 158(a)(1).  But "courts that have considered the issue have unanimously held that a bankruptcy court order granting a trustee's motion for turnover of property is a final, appealable order."  *Davis v. Shepard*, No. 5:11-MC-3483-KOB, 2014 WL 2768808, at *4 (N.D. Ala. June 18, 2014); *see Prof'l Ins. Mgmt. v. Ohio Cas. Group of Ins. Cos.* (*In re Prof'l Ins. Mgmt.*), 285 F.3d 268, 281 (3d Cir. 2002); *Smith v. Revie* (*In re Moody*), 817 F.2d 365, 368 (5th Cir. 1987); *Cash Currency Exchange, Inc. v. Shine* (*In re Cash Currency Exchange, Inc.*), 762 F.2d 542, 546 (7th Cir. 1985).  In any event, even if the bankruptcy court's order were not final, the Court would exercise its discretion to hear an interlocutory appeal under 28 U.S.C. § 158(a)(3).

[2] In support of its argument that this appeal is constitutionally moot, United Prosperity Group cites *Davis v. Shepard*, No. 5:11-MC-3483-KOB, 2014 WL 2768808, at *5 (N.D. Ala. June 18,

## II. Equitable Mootness

Nor is this appeal equitably moot.  Equitable mootness is prudential, not jurisdictional: "Unlike Article III mootness, which causes federal courts to lack jurisdiction and so to have an *inability* to provide relief, equitable mootness is a judge-created doctrine that reflects an *unwillingness* to provide relief."  *JPMCC 2007-C1 Grasslawn Lodging, LLC v. Transwest Resort Props., Inc.* (*In re Transwest Resort Props., Inc.*), 801 F.3d 1161, 1167 (9th Cir. 2015) (Friedland, J.).  The party asserting this non-jurisdictional defense bears the burden of establishing it – a burden that courts describe as "heavy."  *First S. Nat'l Bank v. First Sunnyslope Hous. Ltd. P'ship* (*In re Sunnyslope Hous. Ltd. P'ship*), 818 F.3d 937, 944 (9th Cir. 2016).  United Prosperity Group has not borne this heavy burden.  It asserts, in conclusory fashion, that "effective relief on appeal (recovering the already transferred and used funds from creditors with superior claims), would be impractical, imprudent, and therefore, inequitable," Answering Brief at 14, but it makes no effort to explain how or why this is so.  This appeal concerns a single, simple transaction – an order returning a known quantity of money in a single bank account to United Prosperity Group's control – so "this case does not present transactions that are so complex or difficult to unwind that the doctrine of equitable mootness would apply."  *Lowenschuss v. Selnick*, (*In re Lowenschuss*), 170 F.3d 923, 933 (9th Cir. 1999).[3]

## III. Merits

The Bankruptcy Code requires a "custodian" to turn over "any property of the debtor" under the custodian's control whenever he or she learns the debtor has entered bankruptcy proceedings.  11 U.S.C. § 543(b)(1).  The merits of the appellants' challenge to the bankruptcy court's turnover order thus turn on two questions: was the sheriff a "custodian," and were the

---

2014).  But *Davis*'s discussion and the Eleventh Circuit authority on which it relies make clear that *Davis* concerns equitable mootness, not constitutional mootness.  *See Miami Ctr. Ltd. P'ship v. Bank of New York*, 838 F.2d 1547, 1553 (11th Cir. 1988); *Hope v. Gen. Fin. Corp.* (*In re Kahihikolo*), 807 F.2d 1540, 1542 (11th Cir. 1987); *see also In re Cont'l Airlines*, 91 F.3d 553, 569 (3d Cir. 1996) (in banc) (Alito, J., dissenting).

[3] The Ninth Circuit has articulated four factors "to help determine whether an appeal is equitably moot," *Transwest Resort Props.*, 801 F.3d at 1167, but these factors are focused on appeals that concern entire bankruptcy plans, so they aren't very helpful here.

funds "property of the debtor"?

Contrary to the appellants' argument, the sheriff was a "custodian" of the funds. Under the Bankruptcy Code, a "trustee, receiver, or agent" who "is appointed or authorized to take charge of the property of the debtor for the purpose of enforcing a lien against such property" is a custodian. 11 U.S.C. § 101(11)(C). The sheriff fits that description.

The question, then, is whether the funds were property of United Prosperity Group. The Bankruptcy Code does not define "property," so courts look to state law to determine property rights in bankruptcy. *Gaughan v. The Edward Dittlof Revocable Trust* (*In re Costas*), 555 F.3d 790, 793 (9th Cir. 2009); *see also Butner v. United States*, 440 U.S. 48, 54-55 (1979). The appellants argue that, under California law, the funds ceased to be United Prosperity Group's property when the sheriff levied United Prosperity Group's bank account. For this proposition, the appellants rely on a 1952 California Court of Appeal decision stating that property collected to enforce a judgment under a writ of execution "is property of the judgment creditors and not the debtor." *Del Riccio v. Superior Court*, 251 P.2d 678, 679 (Cal. Ct. App. 1952). But *Del Riccio* has been superseded by statute. Section 697.710 of the California Code of Civil procedure, enacted in 1983, provides, "A levy on property under a writ of execution creates an execution lien on the property" until other conditions (not relevant here) are satisfied. In other words, under section 697.710, the sheriff's levy didn't extinguish United Prosperity Group's ownership of the funds in the levied bank account – it just gave the workers a security interest in the funds. Accordingly, the funds remained "property of the debtor" subject to turnover under 11 U.S.C. § 543(b)(1), and the bankruptcy court's order is AFFIRMED.

**IT IS SO ORDERED.**

Dated: July 26, 2016

_____
VINCE CHHABRIA
United States District Judge